IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KELLI KEAWE,<br><br>      Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF PUBLIC SAFETY, STATE OF HAWAII,<br><br>      Defendant. | ) CIVIL NO. 22-00429 HG-WRP<br>)<br>) FINDINGS AND<br>) RECOMMENDATION TO<br>) DISMISS THIS ACTION<br>) WITHOUT PREJUDICE<br>)<br>)<br>)<br>)<br>) |

FINDINGS AND RECOMMENDATION TO
<u>DISMISS THIS ACTION WITHOUT PREJUDICE</u> [1]

Default was entered against Defendant Department of Public Safety, State of Hawaii (Defendant) on January 13, 2023. <u>See</u> Entry of Default, ECF No. 12. The Court set a deadline for Plaintiff Kelli Keawe (Plaintiff) to file the appropriate motion for default judgment by February 23, 2023. <u>See</u> Minute Order, ECF No. 13. On February 17, 2023, Plaintiff filed an ex parte motion for extension of time to file a motion for default judgment, <u>see</u> ECF No. 14. The

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

reason for the request was that Plaintiff's counsel, Mr. Carl H. Osaki, was in the middle of a jury trial and needed more time to prepare Plaintiff's motion for default judgment.  See ECF No. 14.  The Court granted Plaintiff's first request for an extension to file a motion for default until March 23, 2023.  See Minute Order, ECF No. 15.  On March 17, 2023, Plaintiff filed a second ex parte motion for extension of time to file a motion for default judgment, see ECF No. 16.  The reason for Plaintiff's second request for an extension was that Mr. Osaki was working on "backlog of work" following his jury trial and that Plaintiff's second request would be her "last" request for an extension of time to file a motion for default judgment.  ECF No. 16 at 2.  The Court granted Plaintiff's second request for an extension of time to file a motion for default judgment until April 6, 2023, which was the deadline requested by Plaintiff.  See Minute Order, ECF No. 17; ECF No. 16 at 2.

After that deadline had well expired, on July 11, 2023, the Court issued an Order to Show Cause why this action should not be dismissed for failure to prosecute under Federal Rules of Civil Procedure Rule 41(b), which Plaintiff responded to on July 18, 2023.  In her response (ECF No. 18), Plaintiff's counsel filed a 9-page declaration detailing his busy litigation schedule for the year and requested a third extension of time to file a motion for default judgment, which the Court granted by extending the deadline to August 18, 2023.  See Minute Order,

ECF No. 19.  The Court cautioned Plaintiff that failure to file her motion for default judgment by August 18, 2023 would likely result in this Court's recommendation that the case be dismissed for failure to prosecute.  See id.

On August 18, 2023, instead of filing Plaintiff's motion for default judgment, Plaintiff filed the Declaration of Carl H. Oasaki In Further Support for A Delay In Entering Default Judgment (ECF No. 20), which was Plaintiff's fourth request for an extension of time to file a motion for default judgment.  Plaintiff's fourth request for an extension raised for the first time an underlying workers' compensation matter involving Plaintiff that may affect the present case and the calculation damages.  See ECF No. 20.  Thus, Plaintiff requested a 6-month extension of time to file her motion for default judgment.  See id.  Because Plaintiff's fourth request did not clearly explain the relationship between the workers' compensation matter and the present case, or why it was necessary for the workers' compensation matter to be resolved prior to filing Plaintiff's motion for default judgment in this case, the Court denied Plaintiff's fourth request for an extension of time but permitted Plaintiff to file a *motion* for an extension of time to file her motion for default judgment.  See Minute Order, ECF No. 21.

The Court further directed Plaintiff that any motion for an extension of time to file the motion for default judgment shall be filed by September 15, 2023 and include, among other things, an analysis of how Plaintiff meets the

3

applicable rules and/or standard for an extension of time, and how the specific claims in the workers' compensation case will impact or clarify claims or damages in the present case. See id. After Plaintiff's September 15, 2024 deadline had expired, on September 19, 2023, Plaintiff did not file a motion but instead filed another Declaration of Mr. Osaki that did not address the applicable rules for the extension of time or how the specific claims in the workers' compensation case impact or clarify the claims or damages in the present case. See ECF No. 22. Rather, Plaintiff explained that, "[a]ssuming that the resolution of the workers compensation claim can be resolved in the early months of 2024, then a significant portion of the alleged damages in this civil action would be resolved." Id. at ¶ 4. Therefore, the Court granted Plaintiff an extension of time to file her motion for default judgment until March 1, 2024 with a status report due on January 16, 2024. See Minute Order, ECF No. 23.

However, for a third time, Plaintiff did not meet her deadline and on January 26, 2024, the Court reminded Plaintiff of her obligation to submit a status report on the workers' compensation matter and set a new deadline for the status report to be filed on February 2, 2024. See January 26, 2024 Minute Order. The Court did not alter Plaintiff's deadline to file her motion for default judgment, which remained due on March 1, 2024. See id.

On February 2, 2024, Plaintiff filed a status report updating the Court

4

on the workers' compensation matter, see ECF No. 24.  Notably, Plaintiff's February 2, 2024 status report did not request an extension of time to file her motion for default judgment.  See ECF No. 24.

Plaintiff did not file her motion for default judgment on March 1, 2024, which is Plaintiff's fourth failure to comply with the Court's deadlines in addition to her other conduct in disregard for the applicable rules of procedure and the Court's orders.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) authorizes involuntary dismissal for failure "to prosecute or to comply with [the federal] rules or a court order."  Fed. R. Civ. P. 41(b).  Rule 41(b) grants courts the authority to sua sponte dismiss actions for failure to prosecute or for failure to comply with court orders.  See Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005).  The court must weigh five factors to determine whether to dismiss a case for lack of prosecution or failure to comply with a court order:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citation omitted).

Here, dismissal is appropriate given Plaintiff's failures to comply with the applicable rules of procedure and the Court's orders. First, the public's interest in expeditious resolution of this litigation weighs in favor of dismissal because this case has been pending for 17 months and Plaintiff has not taken any action to advance this case other than submit her counsel's declarations explaining how busy his work schedule is or informing the court of a related workers' compensation matter. Second, the Court's need to manage its docket weighs in favor of dismissal because Plaintiff's failure to comply with the Court's prior orders has interfered with the Court's ability to manage its docket. Third, given Defendant's default, the risk of prejudice to Defendant is minimal. Fourth, less drastic sanctions are not appropriate and would be futile given Plaintiff's repeated failure to comply with the Court's prior orders. Accordingly, this factor supports dismissal. Finally, although public policy generally favors disposition on the merits, because three of the factors weigh in favor of dismissal, and under the particular facts of this case, the Court concludes that dismissal without prejudice is appropriate. Accordingly, the Court FINDS and RECOMMENDS that this action be dismissed without prejudice.

CONCLUSION

The Court FINDS AND RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, March 15, 2024.



Wes Reber Porter
United States Magistrate Judge

**KELLI KEAWE v. DEPARTMENT OF PUBLIC SAFETY, STATE OF HAWAII.; CIVIL NO. 22-00429 HG-WRP; FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION WITHOUT PREJUDICE**